# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

PAUL MOUSSET JOSEPH,   :

   Petitioner,    :

vs.        :   CA 06-0637-KD-C

ALBERTO GONZALES,  :
et al.,[1]
         :
   Respondents.


## <u>REPORT AND RECOMMENDATION</u>

On October 6, 2006, Paul Mousset Joseph, a native and citizen of Haiti ordered removed from the United States, petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed because petitioner is no longer in the custody of the United States Immigration and Customs Enforcement ("ICE") arm of the United States Department of Homeland Security, having been repatriated to his native

---

[1] Robert Gaines is no longer the acting warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, the new warden of the Perry County Correctional Center, David O. Strieff, is hereby substituted for Gaines as a proper respondent in this action.

country of Haiti.

## FINDINGS OF FACT

1.      Joseph, a native and citizen of Haiti, entered the United States as a refugee on May 31, 1985. (Doc. 10, Exhibit C, Declaration of Jim D. Thorp, ¶ 3) On March 3, 1986, petitioner's status was adjusted to that of permanent legal resident. (*Id.*) Joseph's sole argument, in his habeas petition filed on October 6, 2006, was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 1)[2] Petitioner sought release from "actual physical confinement after twenty-two months plus in DHS/ICE detention." (*Id.*)[3]

2.      Joseph was taken into ICE custody on November 17, 2004, following completion of a state sentence on aggravated assault and theft charges in Georgia. (*Id.*)

---

[2]      In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

[3]      Petitioner never objected to his removal to Haiti as evidenced by his complete cooperation with the federal respondents regarding issuance of his travel document to Haiti. (*Id.* ("Petitioner does not intend on fighting his case."))

2

3.      By order dated March 17, 2005, Immigration Judge William A. Cassidy ruled that Joseph was to be removed from the United States and returned to his native country of Haiti. (Doc. 10, Exhibit A) Decisions to continue Joseph's detention pending his removal to Haiti were made on June 27, 2005 (Doc. 10, Exhibit C, Thorp declar., at ¶ 6) and, again, on October 17, 2005 (Doc. 10, Exhibit D).

4.      Joseph was transferred to the Etowah County Jail in Gadsden, Alabama on November 26, 2006 and released from that facility the following day, November 27, 2006, for the purpose of effectuating his deportation to Haiti. (*Compare* Doc. 13, Exhibit A *with id*. Exhibit B)

> On November 28, 2006, JOSEPH was deported to his native Haiti via JPATS. The United States Marshals Service runs the JPATS transportation system. ICE turns over subjects that are to be deported via JPATS to the Officers/crew of the aircraft and they verify the subjects' departure on the Warrant of Deportation (I-205). After the subjects are returned to their native countries the Officers sign the Warrants and return them to the respective ICE Field Offices via a self addressed stamped envelope that is provided them. The return of signed and served Warrants from a JPATS removal typically takes between two and six weeks. ICE has not received the signed and served Warrant for the above named subject from the JPATS Officers as of yet. I have attached a copy of our Record of Persons and Property Transferred (I-216), which shows that the subject was turned over to the JPATS Officers for removal on November 28, 2006.

(Doc. 13, Exhibit C, Declaration of Earl K. Kennedy; *see also id*., Exhibit B,

Record of Persons and Property Transferred)

## **CONCLUSIONS OF LAW**

1.      "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. *See id*.

2.      As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'"

*Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id*. (internal citations omitted).

3.     Several district courts have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." *Gauchier v. Davis*, 2002 WL 975434, *2 (E.D. La. 2002); *see Xing Hai Liu v. Ashcroft*, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); *Malainak v. Immigration & Naturalization Service*, 2002 WL 220061 (N.D. Tex. 2002) (§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.     This case is indistinguishable from the foregoing cases. Accordingly, this Court finds that Joseph's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can

no longer order the federal respondents to immediately release petitioner from custody pending his removal to Haiti, in accordance with the specific request contained in the habeas corpus petition (Doc. 1, at 1 ("Petitioner does not intend on fighting his case. He is seeking release from actual physical confinement after twenty-two months plus in DHS/ICE detention.")), because Joseph has been repatriated to Haiti. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition is required since mootness is jurisdictional.[4]

---

[4]     The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original).  There is nothing to suggest that Joseph will ever find himself again in the custody of ICE since he has been removed from the United States and returned to his native country of Haiti. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

## <u>CONCLUSION</u>

The Magistrate Judge recommends that Joseph's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 14th day of December, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE